UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES A. HOUSE,

    Plaintiff,

v.

CASE NO. 2:19-CV-397

SCOTT M. KELAND, ANDREW MATSON,
DAVID ARVAI, and BRYANT PETERSEN,
in their individual capacities.

    Defendants.

---

### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

---

Defendants Scott M. Keland, Andrew Matson, David Arvai, and Bryant Petersen,[1] by and through their counsels, hereby submit this Brief in Support of their Motion to Dismiss.

### INTRODUCTION

This case involves a section 1983 claim arising from an incident in which the four individual defendants (Officers Scott M. Keland, Andrew Matson, David Arvai, and Bryant Petersen, collectively referred to herein as the "Defendants") allegedly conducted a search of Plaintiff's vehicle, cell phone, and garbage cans and subsequently seized Plaintiff's vehicle and cell phone. Plaintiff alleges, generally, that officers lacked probable cause for the search and seizure of his property, thereby depriving Plaintiff of his constitutional rights against unreasonable

---

[1] Despite having attached a copy of the criminal complaint as an exhibit to the Complaint, wherein all four defendant officers are mentioned by name, Plaintiff nevertheless misspells the names of three of the four officers throughout the entire Complaint: "Scott Cleland" (should be "Keland"), "Andrew Matso" (should be "Matson") and "Bryant Peterson" (should be "Petersen"). Notwithstanding these errors, Defendants will refer to each defendant officer by his correct name in all pleadings filed with this Court.

1

searches and seizures under the Fourth and Fourteenth Amendments. Although the Complaint does not specify separate counts as to who is alleged to have done what, a fair reading of it suggests that Plaintiff's section 1983 claims stem from the following conduct, each being a separate and distinct alleged constitutional deprivation: 1) the search and seizure of Plaintiff's cell phone; 2) the search and seizure of Plaintiff's vehicle; and 3) the search of Plaintiff's garbage cans.[2] As a result of the items found during these searches and seizures—including two cell phones, a bag of heroin packaged in two small tin foil bindles, $1,923.00 worth of U.S. currency, two pairs of scissors, a small piece of tin foil, and three pills of Viagra—Plaintiff was arrested and detained in the Racine County Jail. (Compl. ¶ 12, Ex. C.)

The Complaint alleges, generally, that all four officers collectively violated Plaintiff's rights under the Fourth and Fourteenth Amendments by searching and seizing Plaintiff's property without probable cause and without a search warrant. However, absent personal involvement by each individual Defendant, culpability under section 1983 cannot be assigned to all four officers based on one officer's conduct. Because a defendant may be held liable only for his individual wrongdoing under section 1983, each of the four individual Defendants are hereby moving to dismiss the Complaint with respect to the allegations that are inapplicable to him.

Additionally, Plaintiff fails to state a claim stemming from the cell phone as required by Federal Rule of Civil Procedure 8(a)(2) (hereinafter Rule 8(a)(2)). The Complaint haphazardly mentions a cell phone. At no point, however, does it allege that Defendants' conduct, as it pertains to the cell phone, violated Plaintiff's Fourth or Fourteenth Amendment rights.

---

[2] Although the search of Plaintiff's garbage cans resulted in a finding of heroin, which was subsequently seized and confiscated as evidence, Plaintiff does not seem to contest the seizure of the controlled substance as part of his section 1983 claims, presumably because Plaintiff has no right to possess contraband. *Illinois v. Caballes*, 543 U.S. 405, 410 (2005).

The Complaint, therefore, must be dismissed with respect to the following Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (hereinafter Rule 12(b)(6)) for the following three reasons. First, the Complaint fails to state a claim against Officers Keland and Matson with respect to the alleged search and seizure of Plaintiff's cell phone and the search of Plaintiff's vehicle because it alleges no personal involvement by either of these officers. Second, the Complaint fails to state a claim against Officers Peterson and Arvai with respect to the alleged search of Plaintiff's garbage cans because, again, it alleges no personal involvement by either of these officers. Third, the Complaint fails to specifically allege that the seizure and search of Plaintiff's cell phone violated the Plaintiff's constitutional rights in any way, and therefore fails to state a claim as to any Defendants with respect to the search and seizure of the cell phone.

## SUMMARY OF MATERIAL ALLEGATIONS

According to the Complaint, on February 10, 2017, Defendant officers were in the neighborhood of 1020 11th Street, Racine, Wisconsin, conducting surveillance of Plaintiff as a dealer of controlled substances.[3] (Compl. ¶ 8.) At approximately 2:45 p.m., Plaintiff was sitting in his truck at 1020 11th Street, Racine, Wisconsin, when he was confronted by Officers Bryant Petersen and David Arvai.[4] (*Id*. ¶¶ 9-10.) Officers Petersen and Arvai allegedly ordered Plaintiff out of his vehicle and began to search Plaintiff's person and vehicle. (*Id.* ¶ 10.) During the search of Plaintiff's vehicle, Officers Petersen and Arvai located and seized approximately $1,923.00 of

---

[3] It is worth noting, however, that the criminal complaint, which was attached to the Complaint in this case, makes clear that it was only Officer Andrew Matson who was conducting surveillance of Plaintiff on the suspicion that Plaintiff was trafficking controlled substances in that area. (*See* Compl. Ex. C.)

[4] While the Complaint alleges that Plaintiff was simply sitting in his truck and conducting himself in a lawful manner when he was approached by officers, the criminal complaint indicates otherwise. The criminal complaint states that the officers stopped Plaintiff after observing multiple, short, hand-to-hand contacts between Plaintiff and other individuals, indicating the sale of controlled substances. (*See* Compl. Ex. C.)

3

U.S. currency and three Viagra pills. (*Id.* ¶ 12). The Complaint alleges that Plaintiff's vehicle was subsequently seized and impounded by Officers Keland and Matson based on the belief that the vehicle contained contraband and was used to transport a controlled substance in violation of Wisconsin Statute section 961.41(1m)(d)1. (*Id.* ¶ 20.)

It is unclear from the Complaint how many officers responded to the scene or when they arrived during this encounter with Plaintiff. However, at some point during this interaction, Officers Scott Keland and Andrew Matson were also at the scene and allegedly observed on Plaintiff's property several garbage cans filled with garbage and without lids on top. (*Id.* ¶¶ 14-17.) Officers Keland and Matson allegedly searched the garbage cans, wherein they located a bag containing heroin.[5] (*Id.* ¶ 18.) Officers Keland and Matson allegedly seized the heroin and placed it into evidence. (*Id.* ¶ 19.) The Complaint alleges that Officers Keland and Matson conducted a search of the garbage cans without a search warrant and without probable cause. (*Id.* ¶ 24.)

During the course of their interaction with Plaintiff, Officers Petersen and Arvai allegedly seized Plaintiff's cell phone and later obtained a search warrant for said cell phone. (*Id.* ¶ 21.) Nowhere in the Complaint is there a specific allegation that the search or seizure of the phone itself violated Plaintiff's Fourth or Fourteenth Amendment rights in any way.

Based on the items located and seized from Plaintiff's vehicle and garbage cans, Plaintiff was arrested, detained, and charged with Possession with Intent to Deliver Heroin, Second and Subsequent Offense, and Possession of Illegally Obtained Prescription. (*Id.* ¶¶ 29-30, Ex. C.) Plaintiff alleges that he suffered emotional damages as a result of the pain and suffering and a loss

---

[5] The Complaint suggests that the officers had no reason to suspect any items of evidentiary value in the garbage cans before they conducted their search. (*See* Compl. ¶ 17.) In reality, the criminal complaint indicates that Plaintiff was observed handling an item before placing it into those garbage cans during and as part of multiple suspected drug sales, which explains why officers searched the garbage cans in the first place. (*See id*.)

4

Case 2:19-cv-00397-NJ   Filed 05/22/19   Page 4 of 13   Document 9

of $1,932.00 in U.S. currency. (Compl. ¶¶ 33, 35.) According to the Complaint, Plaintiff now seeks both compensatory and punitive damages, as well as $1,193.00.[6]

## ARGUMENT

### I. LEGAL STANDARD.

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.'" *Doe v. Village of Arlington Heights*, 782 F.3d 911, 914 (7th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the operative complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in his favor. *E.g., Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013) (citing Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). But the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Yeftich*, 722 F.3d at 915 (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint

---

[6] Although the body of the Complaint alleges that $1,932.00 worth of U.S. currency was seized from Plaintiff's vehicle, it seems that Plaintiff is seeking the return of only $1,193.00. (*See generally* Compl.) In either case, the entire amount seized from Plaintiff's vehicle was returned to Plaintiff on April 26, 2017, in the form of a check cashed by Plaintiff; this matter will be addressed separately in a summary judgment motion down the road. Nevertheless, Plaintiff is now filing suit with this Court in an attempt to obtain double the amount of money allegedly taken from him during the search.

and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). "A plaintiff may not avoid dismissal . . . simply by attaching bare legal conclusions to narrated facts which fail to outline the basis of its claims." *Wag-Aero, Inc. v. United States*, 837 F. Supp. 1479, 1483 (E.D. Wis. 1993); *see also Sutliff, Inc. v. Donovan Companies, Inc.*, 727 F.2d 648, 654 (7th Cir. 1984) (complaint which simply regurgitates statutory language and related legalese but fails to allege minimal material factual allegations outlining violations of the law insufficient). "At a minimum, a complaint must contain facts sufficient to state a claim as a matter of law, and mere conclusory allegations of a conspiracy are insufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).

Keeping in mind the Plaintiff's obligation to state a viable claim in the Complaint, the focus turns to a claim pursuant to 42 U.S.C. section 1983. "Section 1983 provides a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' by any person acting 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'" *Gomez v. Toledo,* 446 U.S. 635, 638 (1980) (quoting 42 U.S.C. § 1983). To state a claim for relief under section 1983, the plaintiff must first allege that some person has deprived him of a federal right, and, second, that the person who deprived him of that right acted under color of state or territorial law. *Gomez*, 446 U.S. at 640; *Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001); *Kramer v. Village of N. Fond Du Lac*, No. 02-C-858, 2003 U.S. Dist. LEXIS 26473, *9-10 (E.D. Wis. Nov. 3, 2003). The complaint must set forth factual allegations sufficient to establish the elements that are crucial to recovery under the plaintiff's claims. *Sutliff*, 727 F.2d at 654.

6

Finally (and persuasively), efficiency favors dismissal of insufficient claims. "[I]f a pleader cannot allege definitely and in good faith the existence of an essential element of his claim, it is difficult to see why this basic deficiency should not be exposed at the point of minimum expenditure of time and money by the parties and the court." *Daves v. Hawaiian Dredging Co.*, 114 F. Supp. 643, 645 (D. Haw. 1953).

Alternative to dismissal, but without conceding its appropriateness here pursuant to Rule 12(b)(6), Federal Rule of Civil Procedure 12(e) provides a cause of action when a responsive pleading cannot reasonably be framed because the initial pleading is "so vague or ambiguous." *Juneau Square Corp. v. First Wisconsin Nat'l Bank*, 60 F.R.D. 46, 47 (E.D. Wis. June 18, 1973). "The words 'vague or ambiguous' have been held to mean indefiniteness of facts as well as a lack of clarity and expression." *Int'l Harvester Co. v. Gen. Ins. Co. of America*, 45 F.R.D. 4, 6 (E.D. Wis. Aug. 8, 1968) (quotes in original) (citing *Hartman Elec'al Mfg. Co. v. Prime Mfg. Co.*, 9 F.R.D. 510 (E.D. Wis. Dec. 6, 1949)).

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST OFFICERS SCOTT M. KELAND AND ANDREW MATSON WITH RESPECT TO THE ALLEGED SEARCH AND SEIZURE OF PLAINTIFF'S CELL PHONE AND SEARCH OF PLAINTIFF'S VEHICLE.

An official sued in his individual capacity "can only be held liable for his…individual wrongdoing." *See Casteel v. Pieschek*, 3 F.3d 1050, 1055 (7th Cir. 1993). In other words, section 1983 imposes liability only if the defendant is personally at fault, thereby causing or participating in the alleged constitutional deprivation. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *see also McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). With respect to both the search and seizure of Plaintiff's cell phone and the search of Plaintiff's vehicle, the Complaint clearly fails to state a claim for relief against either Officer Scott Keland or Andrew Matson; it

lacks any allegation that these individuals personally engaged in any conduct related to Plaintiff's cell phone or the search of his vehicle.

With respect to the search of Plaintiff's vehicle, the Complaint alleges only that Officers Petersen and Arvai searched Plaintiff's vehicle, wherein they located $1,923.00 worth of currency and three Viagra pills. (Compl. ¶¶ 10, 12.) Apart from general and conclusory statements alleging that Plaintiff's vehicle was searched and seized without a warrant and without probable cause, and that *all* of the defendant officers knew they did not have probable cause or a search warrant to search the Plaintiff's vehicle, there is not one specific allegation that either Officer Keland or Matson was involved in the search of the vehicle, nor that either officer directed the search, was present during the search, or otherwise participated in any way. (*Id*. ¶¶ 23, 27.)

At most, the Complaint alludes to a conspiracy by vaguely claiming that "Defendants…all acting in concert with the intent to search the Plaintiff's truck to try to recover controlled substances and to search for any controlled substances that the Plaintiff may have possessed on that time and date," but without alleging any specific action or conduct by any of the officers to support such a claim. (*Id*. ¶ 8; see *also id*. ¶ 20.) It is wholly insufficient for Plaintiff to allege a conspiracy by merely stating that defendants acted in concert or with a common goal and without alluding to even a single factual allegation that suggests a "meeting of the minds." *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204, 1206 (7th Cir. 1980); *see also American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 724 (7th Cir. 1986) (the court is not required to accept the plaintiff's legal conclusions). Because Plaintiff has alleged no conduct whatsoever on the part of Officer Keland or Matson relating to the search of the vehicle, he has failed to state a claim against these officers.[7]

---

[7] While the Complaint alleges that Officers Keland and Matson seized and impounded Plaintiff's vehicle, the search of the vehicle is a separate and distinct allegation from the seizure of the vehicle. Here, Plaintiff agrees that the vehicle was seized and impounded based on the officers' belief that

8

With respect to the search and seizure of Plaintiff's cell phone, the Complaint contains a single factual allegation, which is located in paragraph 21 of the Complaint. It alleges that Officers Petersen and Arvai seized Plaintiff's cell phone and later obtained a search warrant for said cell phone, and that this eventually led to Plaintiff's arrest and detention. (Compl. ¶¶ 21-22.) Aside from conclusory statements that the search and seizure of Plaintiff's "property" without probable cause and without a warrant violated Plaintiff's constitutional rights, there is no allegation at all that either Officer Keland or Matson even came into contact with Plaintiff's cell phone at any point. For this reason, any section 1983 claims premised on the alleged illegal search and seizure of the cell phone must be dismissed against Officers Keland and Matson.

In order to survive a motion to dismiss for the claims asserted against Officers Keland and Matson, Plaintiff was required to allege facts that plausibly demonstrated that the personal acts of these two officers deprived Plaintiff of his constitutional rights. Moreover, one officer cannot be held liable for the conduct of another officer absent personal involvement. Because the Complaint contains no factual allegation that either Officer Keland or Matson took part in the search or seizure of Plaintiff's cell phone or the search of Plaintiff's vehicle, any claims premised on these alleged violations must be dismissed against defendant Officers Keland and Matson.

III. **PLAINTIFF FAILS TO STATE A CLAIM AGAINST OFFICERS BRYANT PETERSEN AND DAVID ARVAI WITH RESPECT TO THE ALLEGED SEARCH AND SEIZURE OF PLAINTIFF'S GARBAGE CANS.**

---

it contained contraband and was used to transport a controlled substance in violation of Wis. Stat. sec. 961.41(1m)(d)1. (Compl. ¶ 20.) Assuming the facts alleged in the Complaint to be true, there is no Fourth Amendment violation since these factors indicate probable cause for the seizure, even if the initial search allegedly lacked probable cause. While the court must draw all inferences in Plaintiff's favor, it need not ignore facts set forth in the complaint that undermine Plaintiff's claim. *Price v. Wis. Servs. Corp.*, 55 F. Supp. 2d 952, 954 (E.D. Wis. July 14, 1999).

9

Similarly, the Complaint fails to allege any conduct by either Officer Petersen or Arvai with respect to the search and seizure of Plaintiff's garbage cans and therefore fails to state a claim under Rule 12(b)(6).

The crux of the Complaint focuses on the search of the garbage cans, which resulted in the recovery of a bag of heroin. Plaintiff claims that the search occurred on his property and that officers lacked a search warrant and probable cause to conduct the search, thereby violating his Fourth and Fourteenth Amendment rights. With respect to the search of the garbage cans, the Complaint makes clear that only Officers Keland and Matson participated in the search of the garbage cans. (Compl. ¶¶ 14-19.) Despite general assertions that all defendants "acted in concert" to locate drugs from Plaintiff on that particular day, there is no allegation that Officers Petersen and Arvai were even present at the time Officers Keland and Matson searched the garbage cans. Moreover, there is no indication that Officer Petersen or Arvai directed the search in any way, or that they were even aware of the search. As such, there are no ties whatsoever between Officers Petersen or Arvai and the alleged deprivation of Plaintiff's constitutional rights as it relates to the search of the garbage cans. Therefore, any claims against Officer Petersen or Arvai premised on the search of the garbage cans must also be dismissed.

IV. **PLAINTIFF FAILS TO STATE A CLAIM ON THE ALLEGATION THAT THE SEARCH AND SEIZURE OF PLAINTIFF'S CELL PHONE VIOLATED PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS.**

Plaintiff interjects in his Complaint a conclusory allegation that the officers' conduct violated his Fourth and Fourteenth Amendment rights. (Compl. ¶ 28; *see also generally* Compl.) With respect to the cell phone, Plaintiff alleges only that the officers "seized the Plaintiff's cell phone and later obtained a search warrant for said cell phone and, thereafter, searched the cell phone[.]" (*Id.* ¶ 21.) Plaintiff further contends that "the search of the Plaintiff's cell phone" was a

10

"part of the arrest, detention of the Plaintiff in the Racine County Jail and ultimately him being charged with crimes[.]" (*Id.* ¶ 22.) Nowhere else in the Complaint is the search and seizure of the cell phone specifically referenced.

This Court insists that a plaintiff may not evade dismissal by "attaching bare legal conclusions to narrated facts which fail to outline the basis of its claims." *Wag-Aero*, 837 F. Supp. at 1483. Here, Plaintiff does just this. Plaintiff's limited reference to the cell phone in the Complaint amounts to a mere narration of the alleged facts as they transpired on February 10, 2017. Specifically, Plaintiff alleges that the officers "seized the Plaintiff's cell phone[,]" "obtained a search warrant for said cell phone[,]" and "searched the cell phone." (*Id.* ¶ 21.) This chronology is coupled with Plaintiff's claim that the officers' conduct violated his Fourth and Fourteenth Amendment rights. Essentially, Plaintiff accomplishes that which this Court deems as an attempt to dodge dismissal. Plaintiff simply "narrated [alleged] facts" and attached a "legal conclusion," but this alone "fail[s] to outline the basis" of any claim. *Wag-Aero*, 837 F. Supp. at 1483.

The factual statements referencing the cell phone in the Complaint are insufficient to state a claim for deprivation of civil rights pursuant to section 1983. Specifically, Plaintiff fails to set forth any argument whatsoever that the officers' conduct as it pertained to the cell phone violated his Fourth and Fourteenth Amendment rights. Rather, Plaintiff recites a sequence of events that simply notes that the cell phone was "seized" and later "searched" pursuant to a "search warrant." (Compl. ¶ 21.) Though Plaintiff uses language fashionable in a claim for deprivation of civil rights, including "search," "seizure," and "search warrant," these buzz-words are useless in this Complaint.

These naked words are not cloaked with the allegation, for example, that the officers' warrantless seizure of the cell phone was unreasonable pursuant to the Fourth Amendment. *See*

11

*Illinois v. McArthur*, 531 U.S. 326, 330 (2001) (seizures of personal property are unreasonable within the meaning of the Fourth Amendment unless accomplished pursuant to a judicial warrant) (internal quotation omitted). By similar example, the Plaintiff does not allege that the cell phone was unlawfully searched pursuant to an invalid search warrant. *See Archer v. Chisholm*, 870 F.3d 603, 613 (7th Cir. 2017) (searches are presumptively lawful when undertaken pursuant to a valid search warrant).

The ways in which a person acting under the color of law might violate a person's federal rights are (unfortunately) plentiful, yet this Complaint, as it pertains to the cell phone, is barren of even one such way. As a result, the Complaint fails to state a claim pursuant to section 1983 and should therefore be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court dismiss the corresponding parts of the Complaint with prejudice against Defendant Officers Scott M. Keland, Andrew Matson, David Arvai, and Bryant Petersen, as detailed above. In the alternative, Defendants respectfully request that this Court order Plaintiff to file a more definite statement pursuant to Rule 12(e) in order to allow each of the Defendants to reasonably prepare a response.

Respectfully submitted on this 22nd day of May, 2019.

CITY ATTORNEY'S OFFICE, CITY OF RACINE

By: ___s/Nhu H. Arn_____
      Nhu H. Arn, Deputy City Attorney
      State Bar No: 1068417
      nhu.arn@cityofracine.org
      Robin K. Zbikowski, Assistant City Attorney
      State Bar No: 1095737
      robin.zbikowski@cityofracine.org
      730 Washington Avenue, Room 201
      Racine, WI 53403
      Phone: (262) 636-9115
      Facsimile: (262) 636-9570

**Attorneys for Defendants Scott M. Keland, Andrew Matson, David Arvai, and Bryant Petersen.**

13

Case 2:19-cv-00397-NJ   Filed 05/22/19   Page 13 of 13   Document 9